1 | ROBERT J. ALLAN, ESQ.  (SBN 119010)
2 | allan@rjallanlaw.com
   | ROD RUMMELSBURG, ESQ.  (SBN 201628)
3 | rod@rjallanlaw.com
   | ALLAN LAW GROUP P.C.
4 | 22917 Pacific Coast Hwy, Suite 350
5 | Malibu, CA 90265
   | Telephone:  (310) 456-3024
6 | Facsimile:  (310) 317-0484
7 |
8 | Attorneys for Plaintiff GEORGE CLINTON
9 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV10 9476 ODW PLAx

| | |
|---|---|
| GEORGE CLINTON, an individual, | ) CASE NO. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT FOR:** |
| | ) |
| WILL ADAMS, p/k/a will.i.am, | ) **1. COPYRIGHT** |
| individually and d/b/a WILL.I.AM | ) **INFRINGEMENT;** |
| MUSIC PUBLISHING, an individual; | ) **2. DECLARATORY** |
| ALLAN PINEDA, p/k/a/ apl.de.ap, | ) **JUDGMENT; AND** |
| individually and d/b/a JEEPNEY | ) **3. PERMANENT** |
| MUSIC PUBLISHING, an individual; | ) **INJUNCTION** |
| JAIME GÓMEZ, p/k/a Taboo, | ) |
| individually and d/b/a NAWASHA | ) **(DEMAND FOR JURY TRIAL)** |
| NETWORKS PUBLISHING, an | ) |
| individual; STACY FERGUSON, p/k/a | ) |
| Fergie, an individual; GEORGE | ) |
| PAJON, JR., an individual; JOHN | ) |
| CURTIS, an individual; UNIVERSAL | ) |
| MUSIC GROUP, INC., a Delaware | ) |
| corporation;  UMG RECORDINGS, | ) |
| INC., a Delaware corporation; WILL I | ) |
| AM MUSIC, INC., a California | ) |
| corporation; CHERRY LANE MUSIC | ) |
| PUBLISHING COMPANY, INC., a | ) |

1

New York corporation; EL CUBANO )
MUSIC, INC., a California corporation; )
EMI BLACKWOOD MUSIC INC., a )
Connecticut corporation; TAB )
MAGNETIC, INC., a California )
corporation; and DOES 1 through 10, )
)
            Defendants. )
)

_____

Plaintiff George Clinton ("Plaintiff" or "Clinton") alleges on knowledge as to himself and his own acts and on information and belief as to all other matters as follows.

## NATURE OF THE ACTION

1.    Plaintiff asks for damages, declaratory relief, permanent injunctive relief, and equitable relief pursuant to the Copyright Act, as amended, 17 U.S.C. 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"), and other common and statutory law as set forth herein, for the unauthorized use, commercial sale, and other exploitation of samples of the original sound recording "(Not Just) Knee Deep," aka "Knee Deep," (hereinafter referred to as "(Not Just) Knee Deep") owned by Clinton, but incorporated into remixes of the hit song "Shut Up" performed and released by the musical group The Black Eyed Peas ("BEP"). "Shut Up" was first released in 2003. A remix of the song, also released in 2003, is referred to hereinafter as "Shut Up Remix." Another remix of the song, released in 2009, is referred to hereinafter as "Shut the Phunk Up Remix." Both "Shut Up Remix" and "Shut the Phunk Up Remix" copy, without authorization, portions of the hit song "(Not Just) Knee Deep."

2.    Clinton is the owner of all rights, titles, and interests in the sound recording "(Not Just) Knee Deep," including the copyright therein, together with

the right to register the statutory copyright therein. Clinton has complied with all of the laws pertinent to sound recordings as copyrighted works, and the copyright registration on the sound recording of "(Not Just) Knee Deep" has been registered with the Copyright Office. At all pertinent times hereto, Clinton has complied with all applicable provisions of the copyright laws of the United States of America.

3.     The defendants have unlawfully utilized Plaintiff's sound recording of "(Not Just) Knee Deep" in new sound recordings ("Infringing Sound Recordings") without the permission of Plaintiff and without paying royalties to Plaintiff.  Accordingly, Plaintiff seeks 1) declaratory relief that Plaintiff owns the copyrights in the Infringing Sound Recordings; 2) recovery of money damages resulting from the wrongful acts of defendants including all attorneys' fees and costs associated with bringing this action;  and 3) an order impounding for destruction the infringing materials and enjoining defendants from the production, marketing, performing and/or sale of the Infringing Sound Recordings.

## JURISDICTION AND VENUE

4.     This action for copyright infringement arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.  The Court's subject matter jurisdiction is founded in 28 U.S.C. §§ 1331 and 1338, which provides, in pertinent part, the district courts shall have original jurisdiction for any civil action arising under any Act of Congress relating to copyrights.

5.     Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because the claims substantially arose in this district and the defendants may be found in this district.

6.     Plaintiff is informed and believes and thereon alleges this Court has personal jurisdiction over defendants Will Adams ("Adams"), Allan Pineda

("Pineda"), Stacey Ferguson ("Ferguson"), Jaime Gómez ("Gómez"), George Pajon, Jr. ("Pajon"), and John Curtis ("Curtis") (in aggregate, the "Individual Defendants") because they reside in Los Angeles County, California and/or regularly conduct business in Los Angeles County, California.

7.     Plaintiff is informed and believes and thereon alleges this Court has personal jurisdiction over defendants Universal Music Group, Inc. and UMG Recordings, Inc. (in aggregate, the "UMG Defendants") because the UMG Defendants (a) have a principal place of business in the State of California; (b) regularly solicit and conduct business in the State of California; and (c) have committed tortious acts within the State of California.

8.     Plaintiff is informed and believes and thereon alleges this Court has personal jurisdiction over defendants Will I Am Music, Inc., Cherry Lane Music Publishing Company, Inc., El Cubano Music, Inc., EMI Blackwood Music Inc., and Tab Magnetic, Inc. (in aggregate, the "Music Company Defendants") because each and every one of the Music Company Defendants regularly solicit and conduct business in the State of California and have committed tortious acts within the State of California.

**PARTIES**

9.     Plaintiff George Clinton, a current resident of Florida, is a renowned recording artist, composer and producer who has performed professionally both as a solo artist and as a member of such well-known groups as Parliament, Funkadelic, and the P-Funk All Stars.  He has been recording and releasing records since approximately 1970.  Clinton is known as an innovator of the "funk" music genre, along with musical artists such as Sly Stone, Rick James, and James Brown.  He was inducted into the Rock and Roll Hall of Fame in 1997.  Clinton, performing both as a solo artist and as a member of these groups, is one

of the most sampled artists in the music industry.  Sampling is the practice of taking a piece of a pre-existing sound recording and using that piece as an element of a new sound recording.

10.    Plaintiff is informed and believes and thereon alleges defendant Will Adams, p/k/a will.i.am, individually and d/b/a Will.i.am Music Publishing, ("Adams") is, and at all relevant times has been, a resident of California.  Adams is a founding member and current member of the musical group the BEP, which was formed in East Los Angeles, California in approximately 1995.  Adams is credited as a songwriter for the BEP songs "Shut Up" and "Shut the Phunk Up Remix."  Adams is credited as a producer of "Shut Up Remix," released by A&M Records in 2003 and of "Shut Up Remix" released on March 25, 2004 by A&M Records.   Plaintiff is informed and believes and thereon alleges Adams used samples from the sound recording "(Not Just) Knee Deep" to create, perform, and/or promote the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix."  Plaintiff is informed and believes and thereon alleges Will.i.am Music Publishing is a sole proprietorship of Adams and is a publisher of the BEP songs Shut Up, Shut Up Remix, and Shut the Phunk Up Remix.

11.    Plaintiff is informed and believes and thereon alleges defendant Allan Pineda, p/k/a apl.de.ap, individually and d/b/a Jeepney Music Publishing, ("Pineda") is, and at all relevant times has been, a resident of California.  Pineda is a co-founding member and current member of the BEP.  Pineda is credited as a songwriter for the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix."  Plaintiff is informed and believes and thereon alleges Pineda used samples from the sound recording "(Not Just) Knee Deep" to create, perform and/or promote the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix."  Plaintiff is informed and believes and thereon alleges Jeepney Music Publishing ("Jeepney")

is a sole proprietorship of defendant Pineda and is a publisher of the BEP songs "Shut Up," "Shut Up Remix," and "Shut the Phunk Up Remix."

12.     Plaintiff is informed and believes and thereon alleges defendant Jaime Gómez, p/k/a Taboo, individually and d/b/a Nawasha Networks Publishing, ("Gómez") is, and at all relevant times has been, a resident of California. Gómez is a member of BEP. Gómez is credited as a songwriter for the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix." Plaintiff is informed and believes and thereon alleges Gómez used samples from the sound recording "(Not Just) Knee Deep" in the BEP songs to create, perform and/or promote "Shut Up Remix" and "Shut the Phunk Up Remix." Plaintiff is informed and believes and thereon alleges Nawasha Networks Publishing ("Nawasha") is a sole proprietorship of defendant Gómez and is a publisher of the BEP songs "Shut Up," "Shut Up Remix," and "Shut the Phunk Up Remix."

13.     Plaintiff is informed and believes and thereon alleges defendant Stacy Ferguson, p/k/a Fergie, ("Ferguson") is, and at all relevant times has been, a resident of California. Plaintiff is further informed and believes and thereon alleges Ferguson collaborated with the BEP on songs and became a member of the BEP starting in approximately 2003. Upon information and belief, Ferguson first collaborated with the BEP for the song "Shut Up," which appeared on the BEP album *Elephunk* and was released as a single internationally (but not as a single in the United States). On information and belief, Ferguson has continued to the present time as a member of the BEP and subsequently collaborated on the songs "Shut Up Remix" and "Shut the Phunk Up Remix." Plaintiff is informed and believes and thereon alleges Ferguson used samples from the sound recording "(Not Just) Knee Deep" to create, perform and/or promote the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix."

14.     Plaintiff is informed and believes and thereon alleges defendant George Pajon, Jr. ("Pajon") is, and at all relevant times has been, a resident of California.  Pajon is credited as a songwriter for the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix."  Plaintiff is informed and believes and thereon alleges Pajon used samples from the sound recording "(Not Just) Knee Deep" to create and/or perform the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix."

15.     Plaintiff is informed and believes and thereon alleges defendant John Curtis, p/k/a J. Curtis, ("Curtis") is, and at all relevant times has been, a resident of California.  Plaintiff is further informed and believes Curtis is credited as a songwriter for the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix." Plaintiff is informed and believes and thereon alleges Curtis used samples from the sound recording "(Not Just) Knee Deep" to create and/or perform the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix."

16.     Plaintiff is informed and believes and thereon alleges the remaining defendants are the publishers, administrators, labels, entertainment companies, manufacturers and/or distributors of the Infringing Sound Recordings.   These remaining defendants, among other things, license, publish, administer, produce, manufacture, distribute, sell and/or market the Infringing Sound Recordings.

17.     Upon information and belief, Defendant Universal Music Group, Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business in the State of California.

18.     Upon information and belief, Defendant UMG Recordings, Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business in the State of California.

19.     Upon information and belief, Universal Music Group, Inc. and UMG Recordings, Inc. (in aggregate, the "UMG Defendants") own, control, and/or are

otherwise affiliated with various record labels, including but not limited to Interscope Records ("Interscope"), The Island Def Jam Music Group ("Def Jam"), A&M Records ("A&M"), and numerous other entities that produce, distribute, sell and/or license sound recordings and audiovisual works. Upon further information and belief, the UMG Defendants, through the record labels A&M and/or Interscope and/or Def Jam, produced, distributed, sold, licensed and/or otherwise exploited the sound recordings and audiovisual works of the BEP songs "Shut Up Remix" and "Shut the Phunk Up Remix."

20.    Plaintiff is informed and believes and thereon alleges defendant Will I Am Music, Inc. ("Will I Am Music") is a California corporation owned and controlled by defendant Adams.   Plaintiff is further informed and believes Will I Am Music currently has a "suspended" status with the California Secretary of State. Plaintiff is further informed and believes Will I Am Music is a publisher of the BEP songs "Shut Up," "Shut Up Remix," and "Shut the Phunk Up Remix" and has commercially exploited the Infringing Sound Recordings.

21.    Plaintiff is informed and believes and thereon alleges defendant Cherry River Music Company is a division of Cherry Lane Music Publishing, Inc., a New York corporation ("Cherry River"), that is a publisher of the BEP songs "Shut Up," "Shut Up Remix," and "Shut the Phunk Up Remix" and has commercially exploited the Infringing Sound Recordings.

22.    Plaintiff is informed and believes and thereon alleges defendant El Cubano Music, Inc. ("El Cubano Music") is a California corporation.  Plaintiff is further informed and believes El Cubano Music currently has a "suspended" status with the California Secretary of State. Plaintiff is further informed and believes El Cubano Music is a publisher of the BEP songs "Shut Up," "Shut Up Remix," and "Shut the Phunk Up Remix" and has commercially exploited the Infringing Sound Recordings.

23.     Plaintiff is informed and believes and thereon alleges defendant EMI Blackwood Music Inc. ("EMI-Blackwood") is a Connecticut corporation that is a publisher of the BEP songs "Shut Up" and "Shut Up Remix" and has commercially exploited the Infringing Sound Recordings.

24.     Plaintiff is informed and believes and thereon alleges defendant Tab Magnetic, Inc. ("Tab") is a California corporation owned and controlled by several members of the BEP.  Plaintiff is further informed and believes Tab was formed on or about August 13, 2009.  Plaintiff is further informed and believes Tab is a publisher of the BEP song "Shut the Phunk Up Remix" and has commercially exploited the Infringing Sound Recordings.

25.     Plaintiff does not know the true names and capacities of the defendants named as DOES 1 through 10 and therefore sues these defendants under fictitious names.  Plaintiff will seek leave to amend to show the true names, capacities and circumstances establishing the liability of the defendants designated herein as DOES 1 through 10, when they are ascertained.  On information and belief, DOES 1 through 10 have commercially exploited the Infringing Sound Recordings.

26.     Plaintiff is informed and believes and thereon alleges each of the defendants sued herein is the agent, servant, employee, partner, associate, affiliate, subsidiary and/or corporate parent of each other and of the other defendants and, in doing the things herein alleged, was acting within the course of scope of said agency and employment, and with the full knowledge and consent of the remaining defendants.

27.     Plaintiff is informed and believes and thereon alleges each of the defendants unlawfully conspired and acted in concert and participated with one or more of the remaining defendants in committing and performing the acts and conduct alleged herein, for the express and intended purpose of committing or

performing the acts of conduct alleged herein, to the damage and detriment of Plaintiff.

## SAMPLING "(NOT JUST) KNEE DEEP"

28.     On information and belief, to accomplish the recording of the songs at issue in this case, "Shut Up Remix," "Shut the Phunk Up Remix," and several other remix versions of "Shut Up," the BEP artists and/or songwriters including Adams, Pineda, Gómez, Ferguson, Pajon and Curtis, copied portions of the sound recording "(Not Just) Knee Deep" directly into new BEP sound recordings.  On information and belief the BEP artists and/or songwriters then added music and/or lyrics on top of the copied portions of the sound recording "(Not Just) Knee Deep," a procedure called "sampling."  These new sound recordings ("Infringing Sound Recordings") infringe on the sound recording copyright of the song "(Not Just) Knee Deep," owned by Clinton.

29.     The samples used in "Shut Up Remix" and "Shut the Phunk Up Remix" consist of elements of the "(Not Just) Knee Deep" sound recording, including, but not limited to the lead guitar, drums, keyboards, percussion, and vocals repeated multiple times (or "looped") throughout "Shut Up Remix" and "Shut the Phunk Up Remix."  The looping of elements of "(Not Just) Knee Deep" are featured as the background of the BEP sound recordings "Shut Up Remix" and "Shut the Phunk Up Remix."   Layered upon this bedrock of Clinton's sound recording, the BEP artists and/or songwriters added lyrics with the refrain "Shut up, Just shut up, Shut up [3x], Shut it up, Just shut up, Shut up, Just shut up, Shut up [3x], Shut it up, Just shut up."

30.     Clinton is informed and believes and thereon alleges since 2003 the defendants have repeatedly released, and/or enabled the release of, and/or performed, and/or profited from versions of "Shut Up" mixed with elements of the sound recording "(Not Just) Knee Deep."  For example, on information and

belief in 2003 A&M released a 12" vinyl containing "Shut Up Remix" and an additional instrumental track of "Shut Up Remix."  On information and belief, a single of "Shut Up Remix" was released on October 10, 2003 by Interscope.  On information and belief, the 2003 release of "Shut Up Remix" sold out and was re-released on March 25, 2004 by A&M.  On information and belief on October 3, 2005 the BEP performed a version of "Shut Up" mixed with elements of "(Not Just) Knee Deep" at the Super Dome in Sydney, Australia.   In 2006 A&M released a DVD entitled *Live From Sydney to Vegas* containing the BEP Sydney performance of the "Shut Up Remix" song.  And in 2009 Interscope released the BEP "Shut the Phunk Up Remix."

31.   The bedrock funk song "(Not Just) Knee Deep" was written and produced by Plaintiff Clinton.  The song, running 15 minutes, 21 seconds, appeared on the 1979 album entitled *Uncle Jam Wants You* by the musical group Funkadelic.  An edited version of the song was also released as a single in 1979, reaching #1 on Billboard Black Singles chart on or about October 13, 1979, knocking Michael Jackson's song "Don't Stop 'Till You Get Enough" out of the top spot.  "(Not Just) Knee Deep" has been sampled by many musical artists including, but not limited to, De La Soul, LL Cool J, Above the Law, Tone Loc, MC Hammer & Deion Saunders, Snoop Dogg, Geto Boys, Tupac Shakur, and Digital Underground.

32.   On or about October 5, 1979 publisher Warner Brothers Records, Inc., ("Warner Bros.") as an employer for hire, registered the sound recording album *Uncle Jam Wants You* containing the sound recording "(Not Just) Knee Deep" with the United States Copyright Office, registration number SR0000013919.

33.   In August 1982, Clinton entered into a settlement agreement with Warner Bros., which provided, among other things, that Warner Brothers would

relinquish to Clinton its ownership and control of master recordings for several Funkadelic albums (the "Masters"), including *Uncle Jam Wants You.*

34.   On or about June 17, 2005, the Hon. Manual L. Real, United States District Court Judge for the United States District Court, Central District of California entered an Order and Judgment ("Order") in Case No. CV03-8955-R (MCx) declaring Clinton to be the sole owner of the master sound recordings of the Masters, and further declared Clinton has been the sole owner of the Masters since 1993.

35.   The Order was recorded in the United States Copyright Office on May 15, 2006, document number V3539D214.  The Order was again recorded in the United States Copyright Office on September 13, 2006, document number V3542D883.

36.   Clinton has not assigned his rights as the owner of the Masters to any other person or entity.

37.   Clinton has not authorized any other person or entity to license the master recording of "(Not Just) Knee Deep" on Clinton's behalf.

38.   Clinton has not licensed use of the master recording of "(Not Just) Knee Deep," or any part of it, to BEP or to any of the named defendants in this action.

## **RELEASE OF SHUT UP REMIX**

39.   In 2003 BEP released the album *Elephunk.*  At that time the BEP included Adams, Gómez , Pineda, and Ferguson.  These core members of the BEP have remained the same to the present date.  *Elephunk* was the first the BEP album on which Ferguson collaborated and performed BEP songs.

40.   *Elephunk* was released on record labels A&M and Interscope.

41.     Plaintiff is informed and believes and thereon alleges *Elephunk* sold at least 8.5 million copies worldwide, and was certified double platinum by the Recording Industry Association of America.

42.     The song "Shut Up" appeared on the *Elephunk* album and was released as a single in 2003.  "Shut Up" achieved success internationally, reaching #1 on industry singles charts in Australia, Belgium, Canada, Spain, France, Germany, Ireland, Italy, New Zealand, Norway, Romania, Sweden and Switzerland.  "Shut Up" reached #2 on the United Kingdom singles charts.

43.     "Shut Up" was not released as a single in the United States, where Clinton resided.

44.     "Shut Up Remix" was first released the same year as "Shut Up. " Plaintiff is informed and believes and thereon alleges the BEP sound recording "Shut Up Remix" has appeared in, and has been exploited in, singles, albums, and other media.

45.     "Shut Up Remix" samples both the instrumental and vocal tracks of the Clinton sound recording "(Not Just) Knee Deep."  The "(Not Just) Knee Deep" sample is played in the background throughout the "Shut Up Remix."

46.     On information and belief, "Shut Up Remix" is to the present time offered for sale or license and being sold and/or licensed to the public.

47.     To date Clinton has not received any money directly, or on his behalf, from the BEP for their sampling of the sound recording "(Not Just) Knee Deep" in the BEP sound recording "Shut Up Remix."

48.     Clinton did not and has not given authorization to the BEP or any of their agents, artists, publishers, producers, business managers or representatives to sample any part of the sound recording "(Not Just) Knee Deep."

# RELEASE OF "SHUT THE PHUNK UP REMIX"

49.     In the first half of 2009 Joel Martin, an attorney on behalf of record producer Armen Boladian, solicited Clinton regarding licensing a sample of the sound recording of "(Not Just) Knee Deep" for use in a remix of the BEP song "Shut Up." Clinton rejected the proposal. This was the first time Clinton became aware the BEP were interested in licensing "(Not Just) Knee Deep." Prior to this time Clinton had been unaware the BEP had already sampled "(Not Just) Knee Deep" in the BEP sound recording "Shut Up Remix." There is a large volume of sound recordings released every year in the United States, as evidenced by over ninety thousand (90,000) copyright registrations for published sound recordings, as opposed to unpublished sound recordings, in the United States Copyright Office from 2003 through 2007[1], and Clinton could not have reasonably discovered the infringing BEP sound recordings.

50.     On or about May 7, 2009 Eban Kelly solicited Clinton and offered a contract from Lastrada Entertainment Company, Ltd. ("Lastrada") to license Clinton's master recordings of, and Clinton's original master for, "Not Just Knee Deep" to be used in a new master called "Shut Up Remix" by the artist The Black Eyed Peas (the "Proposed Lastrada Contract"). The Proposed Lastrada Contract further stated the use of the "(Not Just) Knee Deep" master included an instrumental sample loop from Clinton's master throughout the baseline of the "Shut Up Remix." Clinton did not agree to the terms of the Proposed Lastrada Contract and rejected it. He did not sign the Proposed Lastrada Contract.

51.     On or about June 3, 2009, the BEP released the album *The E.N.D.* The deluxe version of *The E.N.D.* contains a remix version of the master recording "(Not Just) Knee Deep" from Funkadelic in a new master recording of a

---

[1] The United States Copyright Office has not yet released the number of registrations of published sound recordings for 2008 and 2009, but based on the prior years, there are approximately 15,000 – 23,000 such registrations per year.

song entitled "Shut the Phunk Up," defined *infra* as "Shut the Phunk Up Remix." At the time *The E.N.D.* was released, Clinton had not authorized any person or entity to use the sound recording of "(Not Just) Knee Deep" in a BEP song.

52.     *The E.N.D.* was released on record labels Interscope and Island Def Jam.  Clinton is informed and believes and thereon alleges Adams was the executive producer of the album.  *The E.N.D.* was nominated by the Grammy Awards for "Album of the Year" and won a Grammy Award for the "Best Pop Vocal Album" on or about January 31, 2010.

53.     Plaintiff is informed and believes and thereon alleges the BEP sound recording "Shut the Phunk Up Remix" has appeared in and is being exploited in other media besides singles and albums.  For example, the song became available for download from iTunes and is still being licensed for use at a download price of one dollar and twenty nine cents (US$1.29).

54.     Clinton is informed and believes and thereon alleges the "Shut the Phunk Up Remix" was both performed and released internationally.  For example, a version of the "Shut the Phunk Up Remix" medley live in Sydney, Australia, is available for sale as a DVD on the Internet.

55.     On or about June 17, 2009 after *The E.N.D.* was released, Clinton was contacted by DMG Clearances, Inc. ("DMG"), a company that obtains music clearances for music samples, to request a license for the right to use a sample of the sound recording of the master "(Not Just) Knee Deep" for a BEP remix of the song "Shut Up."  Clinton did not approve the terms of the proposed license agreement and did not sign any license agreement or any other agreement with DMG.

56.     In approximately late July 2009, Carlon Scott, Clinton's assistant exchanged text messages with Adams for the purpose of negotiating a license agreement directly between Adams and Clinton to sample "(Not Just) Knee

Deep" in the BEP song "Shut the Phunk Up Remix."   Adams expressed an interest in negotiating such license directly with Clinton.  No substantive negotiations took place.  No agreement was reached.

57.     In approximately July 2009, attorney Virgil Roberts ("Roberts"), on behalf of Clinton, sent a copy of the Order to Craig Marshall at the Business and Legal Affairs department of Interscope for the purpose of confirming Roberts' earlier advice to Interscope that Clinton owned and was the sole owner of the sound recording of "(Not Just) Knee Deep."

58.     Attorney Robert J. Allan, on behalf of Clinton, sent a letter dated February 16, 2010 ("February 16th Letter") to the Business and Legal Affairs department of Interscope asking Interscope to call him to discuss the terms and conditions of a license for the BEP to sample "(Not Just) Knee Deep" and demanding Interscope cease and desist exploiting any master recording that sampled "(Not Just) Knee Deep" until such time as a license was negotiated.

59.     On March 12, 2010 Rachel Rosoff from the law firm of Goldring Hertz & Lechtenstein LLP ("GHL") called Attorney Robert J. Allan.  In that telephone conversation Ms. Rosoff claimed GHL represented Interscope and the BEP.  In response, Robert Allan informed Rachel Rosoff Clinton was the sole owner of the copyright interest in the master recording of "(Not Just) Knee Deep," and Clinton had not entered into a license agreement for the use of the sound recording of "(Not Just) Knee Deep" by the BEP in the "Shut Up Remix" or the "Shut the Phunk Up Remix."  Ms. Roskoff then informed Mr. Allan Interscope had received a license agreement signed by Clinton for the use of the sound recording of "(Not Just) Knee Deep" and Interscope had paid Clinton for the license. Mr. Allan advised Ms. Roskoff Clinton had not agreed to the terms of or signed a license for the use of the sound recording of "(Not Just) Knee Deep" nor had he received any compensation for such a license. At Mr. Allan's request

Ms. Roskoff emailed Mr. Allan copies of a two (2) page letter from DMG Clearances, Inc. ("DMG") to Clinton dated August 17, 2009 stating the terms of a license for the use of the sound recording of "(Not Just) Knee Deep" in the "Shut Up (Remix)" allegedly "Agreed and Approved" and signed by George Clinton Jr. ("Forged Contract"), a form W-2 allegedly signed by George Clinton Jr., a check payable to C. Kunspyruzy LLC for fifteen thousand dollars ($15,000) and a cover letter for the check sent to George Clinton Jr. care of Eban Multimedia Group Inc.

60.    Robert Allan confirmed the substance of his March 12th conversation with Ms. Roskoff in a letter dated March 18, 2010 ("March 18th Letter"). The March 18th Letter stated the BEP had been infringing since at least 2003 and was continuing to intentionally infringe on Clinton's exclusive copyright ownership of (Not Just) Knee Deep. The March 18th Letter demanded that if the BEP did not enter into a license agreement for the use of "(Not Just) Knee Deep" within ten (10) days of the date of the letter, then the BEP must cease and desist the manufacture, distribution and sale of any and all BEP songs that sampled "(Not Just) Knee Deep," must recall all the infringing sound recordings from the marketplace, and must pay to Clinton all profits derived from the sale of the infringing sound recordings. To date, Ms. Roskoff has not responded to the March 18th Letter, and the BEP have not entered into a license agreement with Clinton for the use of the sound recording of "(Not Just) Knee Deep."

61.    In 2010 Clinton first learned his signature had been forged, without his knowledge, consent or authorization on the Forged Contract for the "Shut Up (Remix)" performed by the BEP. Clinton does not know who signed his name on the Forged Contract. Clinton never agreed to the terms on the Forged Contract, did not sign it, and did not authorize anyone to sign it on his behalf.

62.    To date, Clinton has not received any money, directly or indirectly, for use of the sound recording "(Not Just) Knee Deep" in the BEP "Shut the Phunk Up Remix."

## LEGAL REQUIREMENTS OF SAMPLING

63.    Copyright laws require persons wishing to "sample" a prior sound recording of a musical composition in a new sound recording obtain the authorization of the owner of the master sound recording copyright.

64.    The compulsory mechanical license provision of 17 U.S.C. § 115 does not apply to the use of samples because the new recording is not a new version of the pre-existing work but actually a derivative work -- a changed version of the original composition and/or sound recording. As a result, the record label and/or publisher of an infringing work must reach an agreement with the owner of the sampled work, or the new work violates the copyright owner's exclusive right to create all derivative works.

## LIABILITY OF EACH DEFENDANT AND DAMAGES TO PLAINTIFF

65.    Despite the absence of an agreement from Plaintiff for use of the sound recording "(Not Just) Knee Deep," the defendants utilized "(Not Just) Knee Deep" and authorized others to use the Infringing Sound Recordings.  Despite the absence of an agreement from Plaintiff, the defendants produced, manufactured, distributed and sold (or authorized others to do so) sound recordings containing portions of the sound recording "(Not Just) Knee Deep" and claimed ownership of the Infringing Sound Recordings, without paying any royalties to Plaintiff. The defendants kept sales proceeds for themselves as the putative copyright owners of the new Infringing Sound Recordings.  The defendants egregiously, and with the knowledge of, and/or had reason to know of, the infringing activity

1  induced, caused and/or materially contributed to, and substantially participated in,

2  the infringing activity when they made such releases and took such action.

3  Further, the defendants had the obligation, right, and ability to supervise such

4  infringing activity but allowed the infringement to occur, and they had an obvious

5  and direct financial interest in exploiting the copyrighted materials as set forth

6  herein.

7      66.     Upon information and belief, the defendants acted with knowledge,

8  and/or had reason to know, the Infringing Sound Recordings infringed upon

9  Plaintiff's copyright.  To conceal the wrongful use of Plaintiff's sound recording,

10 Defendants placed, or caused to be placed, "label copy" on the records, compact

11 discs, DVDs, or other tangible media (in aggregate, "Records") containing the

12 Infringing Sound Recordings with text that listed the defendant songwriters and

13 publishers as the sole owners of the copyrights in the Infringing Sound

14 Recordings and omitted mention of Plaintiff as a performer on the Infringing

15 Sound Recordings.  Instead, such text only refers to the group The Black Eyed

16 Peas.  Such incorrect and/or incomplete lists of performers were actively

17 concealed from Plaintiff by producers and artists directly under the control of

18 defendants for whom such defendants are responsible.  The activity described

19 above constitutes self-concealing fraudulent activity with respect to the Plaintiff.

20 With no appropriate credit identifying the true origin of the Infringing Sound

21 Recordings contained on the materials sold to the public, Clinton would have no

22 way of discovering each infringement absent purchasing and listening to every

23 CD and download offered worldwide.  The misrepresentations on the Records

24 themselves and on related material used in connection with the sale of the

25 Infringing Sound Recordings constitutes active fraudulent concealment such as to

26 support a finding of willful conduct, and further requires the statute of limitations

27 be tolled.

28

67.    Upon information and belief, the defendants have received royalties and other payments for the sale or performance of music incorporating samples of "(Not Just) Knee Deep" without submitting the appropriate share of royalties to Plaintiff.

68.    Plaintiff has not received proper compensation in the form of royalties, performance payments, and/or copyright interest for the improper uses of sound recordings and performances incorporating samples of "(Not Just) Knee Deep."

69.    The foregoing conduct of defendants constitutes, among other things, a) improper creation of derivative works, such that the Infringing Sound Recordings are owned by Plaintiff, and b) direct, vicarious and contributory copyright infringement, such that the defendants are jointly and severally liable for continuing violations of the Copyright Act, insofar as, upon information and belief, the Infringing Sound Recordings continue to be sold, licensed and/or performed.

70.    Defendants' conduct, including infringement, has been and continues to be willful and knowing and, where applicable, grossly negligent.  Defendants acted with utter disregard for the business and financial safety of Plaintiff, acted with reckless disregard for the rights of the Plaintiff, and acted with such a want of care as would raise a presumption of conscious indifference to consequences. In the alternative, the defendants' conduct, even if not willful and knowing, constitutes infringement of Plaintiff's copyright.

71.    As a direct and proximate result of defendants' conduct, Plaintiff has suffered actual damages including lost profits, lost opportunities, loss of goodwill, lost publicity, attorneys' fees and interest, and, in the alternative, is entitled to statutory damages as allowed by law.

72.   On information and belief, the Infringing Sound Recordings have been released or re-released on different Records and/or available for download in different mixes (e.g. dance mixes, album mix, etc.).  Although not all such mixes and re-releases are identified in this Complaint, each time an Infringing Sound Recording has been re-released and/or remixed, the defendants, and each of them, are liable for separate acts of infringement, which were and are willful, and therefore, entitle Plaintiff to statutory damages of One Hundred Fifty Thousand Dollars ($150,000) per infringement to the extent that the profits from each infringement are less than One Hundred Fifty Thousand Dollars ($150,000).  In the event the defendants' profits exceed One Hundred Fifty Thousand Dollars ($150,000) per infringement, Plaintiff is entitled to those profits.

### FIRST CLAIM FOR RELIEF
**(Copyright infringement (sound recording)
relating to "(Not Just) Knee Deep";
against all named defendants and DOES 1 through 10)**

73.   Plaintiff incorporates by reference as though fully set forth hereat Paragraphs 1 through 72.

74.   Both the BEP sound recording "Shut Up Remix" and the subsequent BEP sound recording "Shut the Phunk Up Remix" contain unauthorized copying/sampling from the sound recording "(Not Just) Knee Deep."

75.   The defendants Adams, Gómez, Pajon, Curtis, Ferguson, and Pineda have recorded, produced, sold, licensed, performed, and/or otherwise exploited an infringing musical work under various titles including, but not limited to, "Shut Up," "Shut Up Remix," "Shut Up (Knee Deep Remix)," "Shut the Phunk Up," or "Shut the Phunk Up Remix," defined *infra* as the Infringing Sound Recordings, containing portions of the sound recording "(Not Just) Knee Deep" without the authorization of its copyright owner.  The Infringing Sound Recordings have

continued to be reproduced, distributed, offered for sale or licensed, marketed, advertised, performed, displayed, and otherwise exploited by the defendants through the present.

76.    Plaintiff is informed and believes and thereon alleges defendants Will I Am Music, El Cubano Music, Tab, EMI-Blackwood, Cherry River, and the UMG Defendants knew the Infringing Sound Recordings included an unauthorized sampling of the sound recording "(Not Just) Knee Deep." Plaintiff is informed and believes and thereon further alleges each of the named defendants in this paragraph knew that authorization had not been obtained from the legal and equitable owner of the sound recording copyright of "(Not Just) Knee Deep" prior to the occurrence of the infringing acts alleged in this claim. Each of the named defendants in this paragraph is liable for violations of the United States Copyright law because each actively engaged in the infringing conduct, possessed the ability and right to supervise one or more of those acts, but failed to exercise such supervisory right, while also benefitting directly and financially from them, or knowingly materially contributed to, induced, participated in, or otherwise assisted the infringing acts. At a minimum, the defendants acted in reckless disregard of Clinton's copyright ownership interest. The defendants' infringement is direct, contributory and/or by inducement.

77.    Upon information and belief, in foreign territories, the defendants have aided and abetted in the recording, reproduction, import, distribution, performance, adaptation, sale, licensing, or other exploitation of the Infringing Sound Recordings. In each case it has been without authorization from Clinton as the copyright owner of the sound recording "(Not Just) Knee Deep." Upon information and belief, the international exploitation of the Infringing Sound Recordings has been planned, negotiated and/or controlled from within the United States.

78.   Upon information and belief, the defendants have received revenues and other benefits from the domestic and international exploitation of the Infringing Sound Recordings.

79.   On information and belief, the defendants have infringed the copyright to the sound recording "(Not Just) Knee Deep" under United States Copyright law, 17 U.S.C. §§ 101 *et seq.*

80.   The defendants' exploitation of the Infringing Sound Recordings alleged above has continued through the present and will continue into the future unless enjoined by this Court pursuant to 17 U.S.C. § 502.  Plaintiff does not have an adequate remedy at law for defendants' wrongful conduct in that (i) Plaintiff's copyright is a unique and valuable property which has no readily determinable market value; and (ii) the defendants' wrongful conduct and the damages resulting therefrom is continuing.  The defendants' acts of copyright infringement have caused Plaintiff irreparable injury.  Plaintiff is also entitled to relief pursuant to 17 U.S.C. § 503, which provides in pertinent part that any of defendants' infringing products may be impounded and destroyed.

81.   As a result of the defendants' infringements, Plaintiff has suffered damages, and will continue to suffer damages, in an amount yet to be determined.  The defendants have received, and will continue to receive, wrongful gains, profits, advantages and benefits resulting from their infringements, in amounts that have yet to be determined.   In addition to Plaintiff's actual damages resulting from copyright infringement, Plaintiff is entitled to receive profits made by the defendants from their wrongful acts, pursuant to 17 U.S.C. § 504.

82.   In the alternative, the Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).  Although each defendant knew the Infringing Sound Recordings lacked authorization from the copyright owner of the sound recording "(Not Just) Knee Deep," the defendants proceeded to release and

continue to distribute, sell and otherwise exploit the Infringing Sound Recordings.
Each defendant has engaged in, and is now engaging in, the intentional
infringement of the copyright to the sound recording "(Not Just) Knee Deep,"
therefore supporting the award of enhanced damages to statutory amounts,
pursuant to 17 U.S.C. § 504(c)(2).

83.    The Plaintiff is also entitled to recover his attorneys' fees and costs
of suit under 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment;
**against all named defendants and DOES 1 through 10)**

84.    Plaintiff incorporates by reference as though fully set forth hereat
Paragraphs 1 through 83.

85.    Pursuant to 17 U.S.C. § 101 *et seq.*, this Court may declare the rights
and other legal relations of any interested party seeking such declaration whether
or not further relief is or could be sought.  Any such declaration shall have the
force and effect of a final judgment or decree and shall be reviewable as such.

86.    Plaintiff seeks a declaratory judgment that Plaintiff is the owner of
the Infringing Sound Recordings on the grounds that such works are a derivative
of Plaintiff's copyright, and that Plaintiff is the party with exclusive rights to all
such derivative works.  In the alternative, Plaintiff seeks a declaratory judgment
as to Plaintiff's percentage of ownership in the Infringing Sound Recordings.

87.    Plaintiff seeks further declaratory judgment that, as a result of his
ownership reference above, any and all assignments, transfers and/or licenses of
copyrights in and to the Infringing Sound Recordings are declared null and void.

///

///

///

## THIRD CLAIM FOR RELIEF
### (Permanent injunction;
### against all named defendants and DOES 1 through 10)

88.     Plaintiff incorporates by reference as though fully set forth hereat Paragraphs 1 through 87.

89.     As described more fully above, all of the wrongful conduct of each of the defendants entitles Plaintiff to compensatory, statutory and other damages in an amount to be determined.

90.     The Infringing Sound Recordings were released illegally and without right or justification in violation of Plaintiff's ownership interest in such Infringing Sound Recordings.

91.     Accordingly, Plaintiff requests that a permanent injunction issue, ordering that all Infringing Sound Recordings, in whatever form, be prohibited from being further released, reprinted, performed, sold or licensed, without the consent of the Plaintiff, and that all such Infringing Sound Recordings, in whatever form, already released, be immediately retrieved, impounded and returned to Plaintiff for destruction unless otherwise consented to by Plaintiff.

## NATURE OF LIABILITY

94.     As co-infringers, the defendants are jointly and severally liable for all amounts owed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and/or relief against the defendants as follows:

  a.  That defendants be found liable for direct, contributory and/or vicarious copyright infringement of Plaintiff's rights in the copyright "(Not Just) Knee Deep" under 17 U.S.C. § 501, as proven at trial;

b.  That defendants be found liable for willful copyright infringement for each infringement;

c.  That for each copyright infringement the defendants be ordered to pay Plaintiff:

    (i)  Such damages as Plaintiff has sustained as of consequence of defendants' infringement of Plaintiff's copyrights, and to account for and pay to Plaintiff all gains, profits and advantage derived by defendants from their infringement of Plaintiff's copyrights, the total amount to be determined at trial of this action, or such damages as shall appear proper within the provisions of the Copyright statutes; or in the alternative;

    (ii)  In the event that Plaintiff's actual damages, including defendants' profits are less than One Hundred Fifty Thousand Dollars ($150,000) for each infringement and defendants are found to have willfully infringed, that Plaintiff, in the discretion of the Court, be awarded statutory dames in the amount of One Hundred Fifty Thousand Dollars ($150,000) for each infringement pursuant to the provision of 17 U.S.C. § 504(c)(2); or in the further alternative;

    (iii)  In the event that defendants are not found to have willfully infringed and Plaintiff's actual damages, including defendants' profits are less than Thirty Thousand Dollars ($30,000) per infringement, that Plaintiff, in the discretion of the Court, be awarded statutory damages in the amount of Thirty Thousand

1

2

Dollars ($30,000) for each infringement pursuant to the provision of 17 U.S.C. § 504(c)(1).

d.  For temporary, preliminary and/or permanent injunctive relief pursuant to 17 U.S.C. §502 restraining and enjoining defendants, their agents, and all persons acting in concert with them from infringing the copyrights of Plaintiff in any manner, including from manufacturing, reproducing, distributing, advertising, marketing, promoting, offering for sale or license, selling, performing, displaying, adapting, or licensing any work upon which the unlicensed Plaintiff's sound recording(s) are embodied, and from licensing and contributing to, or participating in and furthering any infringing acts;

e.  That all amounts received by the defendants from the date of filing this lawsuit from the exploitation of the Infringing Sound Recordings be placed in an escrow account pending the outcome of this litigation, and that such amounts be awarded to Plaintiff at the conclusion of this case;

f.  That pursuant to 17 U.S.C. § 503, unless otherwise consented to by Plaintiff, for an order that all Infringing Sound Recordings and materials, including but not limited to all plates, molds, matrices, masters, tapes, film negatives and other means of any kind for making infringing copies, recordings and/or sound recordings and other infringing material in the defendants' possession and/or under their control, in whatever form, be prohibited from being further released, reprinted, performed or sold and/or be impounded and/or be destroyed;

g. That pursuant to 17 U.S.C. § 505 defendants pay to Plaintiff the costs and fees of this action, including reasonable attorneys' fees;

h. That the Court enter a declaratory judgment that Plaintiff owns the copyrights in the Infringing Sound Recordings and the masters of the Infringing Sound Recordings, and is entitled to full back royalties based on such percentages or, in the alternative, that the Court declares Plaintiff's ownership interest in such work and order appropriate payment based on such ownership interest;

i. That Plaintiff be awarded pre and post-judgment interest;

j. That Plaintiff be awarded all other damages authorized by the Copyright Act to accomplish its remedial as well as its deterrent objectives; and

k. For such further relief as the Court deems just and proper.

Dated:  December 9, 2010

ALLAN LAW GROUP, P.C.

By: _____
Robert J. Allan
Rod Rummelsburg
Attorneys for
Plaintiff George Clinton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated:  December 9, 2010            ALLAN LAW GROUP, P.C.


By: _____
       Robert J. Allan
       Rod Rummelsburg
       Attorneys for Plaintiff George Clinton

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

### CV10- 9476 ODW (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** <br> **312 N. Spring St., Rm. G-8** <br> **Los Angeles, CA 90012** | [ ] **Southern Division** <br> **411 West Fourth St., Rm. 1-053** <br> **Santa Ana, CA 92701-4516** | [ ] **Eastern Division** <br> **3470 Twelfth St., Rm. 134** <br> **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Robert J. Allan, Esq.  (SBN 119619)
allan@rjallanlaw.com
Rod Rummelsburg, Esq.  (SBN 201628)
rod@rjallanlaw.com
ALLAN LAW GROUP P.C.
22917 P.C.H., Suite 350, Malibu, CA 90265
Tel:  (310) 456-3024

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CLINTON, an individual, <br><br><br> PLAINTIFF(S) <br><br> v. <br><br> WILL ADAMS, p/k/a will.i.am, individually and d/b/a WILL.I.AM MUSIC PUBLISHING, an individual; ALLAN PINEDA, p/k/a apl.de.ap, individually and <br> DEFENDANT(S). | CASE NUMBER <br><br> **CV10 9476 ODW PLAx** <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Allan Law Group, P.C. _____, whose address is 22917 Pacific Coast Hwy., Suite 350, Malibu, CA 90265 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  ___DEC 1 0 2010___

By: ___CHRISTOPHER POWERS___

Deputy Clerk

*(Seal of the Court)*

**1181**

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## ATTACHMENT TO SUMMONS

### CONTINUED DEFENDANTS:

d/b/a JEEPNEY MUSIC PUBLISHING, an
individual; JAIME GOMEZ, p/k/a TABOO,
individually and d/b/a NAWASHA
NETWORKS PUBLISHING, an individual;
STACY FERGUSON, p/k/a FERGIE, an
individual; GEORGE PAJON, JR., an
individual; JOHN CURTIS, an individual;
UNIVERSAL MUSIC GROUP, INC., a
Delaware corporation; UMG RECORDINGS,
INC., a Delaware corporation; WILL I AM
MUSIC, INC., a California corporation;
CHERRY LANE MUSIC PUBLISHING
COMPANY, INC., a New York corporation; EL
CUBANO MUSIC, INC., a California
corporation; EMI BLACKWOOD MUSIC INC.,
a Connecticut corporation; TAB MAGNETIC,
INC., a California corporation; and DOES 1
through 10,

Defendants.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| GEORGE CLINTON | WILL ADAMS, et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert J. Allan, Esq. (SBN 119010)<br>Rod Rummelsburg, Esq. (SBN 201628)<br>ALLAN LAW GROUP P.C.<br>22917 Pacific Coast Hwy., Suite 350, Malibu, CA 90265 (310) 456-3024 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT: $** 150,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. Sections 101 et seq. Copyright infringement of George Clinton sound recording.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 440 Other Civil Rights | | |

**CV10 9476**

FOR OFFICE USE ONLY: Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)  **CIVIL COVER SHEET**  Page 1 of 2

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
|  | George Clinton - Florida |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| SEE ATTACHED | SEE ATTACHED |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Copyright Infringement - Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Rod Runnel_　　Date December 8, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET (CONTINUED)**

GEORGE CLINTON v. WILL ADAMS, et al.

IX. VENUE

(b)     List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.**

| County in this District | California County outside of this District; State if other than California; or Foreign Country |
|---|---|
| WILL ADAMS – Los Angeles<br><br>ALLAN PINEDA – Los Angeles<br><br>JAIME GÓMEZ – Los Angeles<br><br>STACY FERGUSON – Los Angeles<br><br>GEORGE PAJON, JR. – Los Angeles<br><br>JOHN CURTIS – Santa Barbara County<br><br>WILL I AM MUSIC, INC. – Los Angeles<br><br>EL CUBANO MUSIC, INC. – Los Angeles<br><br>TAB MAGNETIC, INC. – Los Angeles<br><br>UNIVERSAL MUSIC GROUP, INC. – Los Angeles<br><br>UMG RECORDINGS, INC.- Los Angeles | CHERRY LANE MUSIC PUBLISHING COMPANY, INC. – New York<br><br>EMI BLACKWOOD MUSIC INC. - Connecticut |

** The above table is based on information and belief.