**BRYAN CAVE LLP**
Jonathan Pink (California Bar No. 179685)
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100
E-mail:      jonathan.pink@bryancave.com

**BRYAN CAVE LLP**
Kara E. F. Cenar *(Pro Hac Vice Pending)*
Mariangela M. Seale *(Pro Hac Vice Pending)*
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone:  (312) 602-5000
Facsimile:   (312) 602-5050
E-mail:      kara.cenar@bryancave.com
             merili.seale@bryancave.com

Attorneys for Defendants WILL ADAMS (sued as WILL ADAMS, p/k/a will.i.am, individually and d/b/a WILL.I AM MUSIC PUBLISHING); ALLAN PINEDA (sued as ALLAN PINEDA, p/k/a apl.de.ap, individually and d/b/a JEEPNEY MUSIC PUBLISHING, an individual); JAIME GOMEZ (sued as JAIME GOMEZ, p/k/a Taboo, individually and d/b/a NAWASHA NETWORKS PUBLISHING, an individual); STACY FERGUSON (sued as STACY FERGUSON, p/k/a Fergie); WILL.I.AM MUSIC, INC.; CHERRY LANE MUSIC PUBLISHING COMPANY, INC.; TAB MAGNETIC, INC.; GEORGE PAJON, JR.; EMI BLACKWOOD MUSIC, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GEORGE CLINTON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WILL ADAMS, p/k/a will.i.am, individually and d/b/a WILL.I AM MUSIC PUBLISHING; ALLAN PINEDA, p/k/a apl.de.ap, individually and d/b/a JEEPNEY MUSIC PUBLISHING, an individual; JAIME GOMEZ, p/k/a Taboo, individually and d/b/a NAWASHA NETWORKS PUBLISHING, an individual;STACY FERGUSON, p/k/a Fergie, an individual; GEORGE PAJON, JR., an individual; JOHN CURTIS, an individual; | Case No. CV10-9476 ODW (PLAx) <br><br> Hon. Otis D. Wright, II <br> Courtroom 11 <br><br> **ANSWER OF DEFENDANT STACY FERGUSON, P/K/A FERGIE; JURY DEMAND** <br><br> Complaint Filed:  December 10, 2010 <br> Trial Date:       Not Assigned |

IR01DOCS478832.1

ANSWER TO COMPLAINT

| | |
|---|---|
| 1 | UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and WILL I AM MUSIC, INC., a California corporation; CHERRY LANE MUSIC PUBLISHING COMPANY, INC., a New York corporation; EL CUBANO MUSIC, INC., a California corporation; EMI BLACKWOOD MUSIC, INC., a Connecticut corporation; TAB MAGNETIC, INC., a California corporation; and DOES 1 through 10, |
| | Defendants. |

Defendants Stacy Ferguson, p/k/a Fergie (hereinafter referred to as "Defendant Ferguson") presents the following Answer to Plaintiff's Complaint ("Complaint"):

## NATURE OF THE ACTION

1. Answering Paragraph 1 of the Complaint, Defendant Ferguson admits that Plaintiff is asking for certain relief, but denies that Plaintiff is entitled to such relief. Further, Defendant Ferguson admits "Shut Up" was first released in 2003 and two remixes were released in 2003 and 2009, respectively. Defendant Ferguson denies the remaining allegations.

2. Answering Paragraph 2 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 2, and on that basis denies each and every such allegation.

3. Answering Paragraph 3 of the Complaint, Defendant Ferguson admits that Plaintiff is asking for certain relief, but denies that Plaintiff is entitled to such relief, and further denies the remaining allegations of the paragraph.

## JURISDICTION AND VENUE

4. Answering Paragraph 4 of the Complaint, Defendant Ferguson admits, on information and belief, that this action appears to rise under the Copyright Act and that this Court would appear to have subject matter jurisdiction. Defendant Ferguson denies that the Complaint states any claim upon which relief can be granted.

5. Answering Paragraph 5 of the Complaint, Defendant Ferguson admits that she may be found in this district. As to the remaining allegations, Defendant Ferguson lacks sufficient information to admit or deny them, and on that basis, denies such allegations.

6. Answering Paragraph 6 of the Complaint, Defendant Ferguson admits that she resides in Los Angeles County, California. As to the remaining allegations, Defendant Ferguson lacks sufficient information to admit or deny them, and on that

basis denies such allegations.

7. Answering Paragraph 7 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations of Paragraph 7, and on that basis denies each and every such allegation.

8. Answering Paragraph 8 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations of Paragraph 8, and on that basis denies each and every such allegation.

## PARTIES

9. Answering Paragraph 9 of the Complaint, Defendant Ferguson admits Clinton is a well-known artist and composer. Defendant Ferguson is without sufficient information to admit or deny the remaining allegations of Paragraph 9, and on that basis denies such allegations.

10. Answering Paragraph 10 of the Complaint, Defendant Ferguson admits that Defendant William Adams lives in California and is a founding member of the musical group, The Black Eyed Peas, and has been credited as a producer and songwriter for various songs released by that group. Except as otherwise admitted in this Answer, Defendant Ferguson is without sufficient information to admit or deny the allegations of Paragraph 10, and on that basis denies such allegations.

11. Answering Paragraph 11 of the Complaint, Defendant Ferguson admits that Defendant Allan Pineda lives in California and is a founding member of the musical group, The Black Eyed Peas, and has been credited as a songwriter for various songs released by that group. Except as otherwise admitted in this Answer, Defendant Ferguson is without sufficient information to admit or deny the allegations of Paragraph 11, and on that basis denies such allegations.

12. Answering Paragraph 12 of the Complaint, Defendant Ferguson admits that Defendant Jaime Gómez lives in California and is a founding member of the musical group, The Black Eyed Peas, and has been credited as a songwriter for various songs released by that group. Except as otherwise admitted in this Answer,

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

Defendant Ferguson is without sufficient information to admit or deny the allegations of Paragraph 12, and on that basis denies such allegations.

13. Answering Paragraph 13 of the Complaint, Defendant Ferguson admits that she is a resident of California, and that she first collaborated with The Black Eyed Peas on the album "Elephunk" and performs vocally on certain remixes of the song "Shut Up." Defendant Ferguson admits that "(Not Just) Knee Deep" was sampled in certain remixes of "Shut Up" pursuant to a license. Except as otherwise admitted in this Answer, Defendant Ferguson lacks information sufficient to form a belief as to what Plaintiff is informed or believes, and on that basis denies the remaining allegations in this paragraph.

14. Answering Paragraph 14 of the Complaint, Defendant Ferguson admits that Defendant George Pajon, Jr. is credited as a songwriter on various songs released by the group, The Black Eyed Peas. Except as otherwise admitted in this Answer, Defendant Ferguson is without sufficient information to admit or deny the allegations of Paragraph 14, and on that basis denies such allegations.

15. Answering Paragraph 15 of the Complaint, Defendant Ferguson admits that Defendant John Curtis is credited as a songwriter on various songs released by the group, The Black Eyed Peas. Except as otherwise admitted in this Answer, Defendant Ferguson is without sufficient information to admit or deny the allegations of Paragraph 15, and on that basis denies such allegations.

16. Answering Paragraph 16 of the Complaint, Defendant Ferguson admits that the remaining defendants are commercial entities within the music industry. Except as otherwise admitted in this Answer, Defendant Ferguson is without sufficient information to admit or deny the allegations of Paragraph 16, and on that basis denies such allegations.

17. Answering Paragraph 17 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 17, and on that basis denies each and every such allegation.

18. Answering Paragraph 18 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 18, and on that basis denies each and every such allegation.

19. Answering Paragraph 19 of the Complaint, Defendant Ferguson is without sufficient information to admit or deny the allegations of Paragraph 19, and on that basis denies such allegations.

20. Answering Paragraph 20 of the Complaint, lacks information sufficient to form a belief as to what Plaintiff is informed or believes, and on that basis denies the allegations in this paragraph.

21. Answering Paragraph 21 of the Complaint, Defendant Ferguson lacks information sufficient to form a belief as to what Plaintiff is informed or believes, and on that basis denies the allegations in this paragraph.

22. Answering Paragraph 22 of the Complaint, Defendant Ferguson lacks information sufficient to form a belief as to what Plaintiff is informed or believes, and on that basis denies the allegations in this paragraph.

23. Answering Paragraph 23 of the Complaint, Defendant Ferguson lacks information sufficient to form a belief as to what Plaintiff is informed or believes, and on that basis denies the allegations in this paragraph.

24. Answering Paragraph 24 of the Complaint, Defendant Ferguson lacks information sufficient to form a belief as to what Plaintiff is informed or believes, and on that basis denies the allegations in this paragraph.

25. Answering Paragraph 25 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 25, and on that basis denies each and every such allegation.

26. Answering Paragraph 26 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

27. Answering Paragraph 27 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

## SAMPLING "(NOT JUST) KNEE DEEP"

28. Answering Paragraph 28 of the Complaint, Defendant Ferguson admits that certain remixes of "Shut Up" contain authorized samples of "(Not Just) Knee Deep" pursuant to a license. Except as expressly admitted, Defendant Ferguson denies the allegations in this paragraph.

29. Answering Paragraph 29 of the Complaint, Defendant Ferguson admits that certain remixes of "Shut Up" contain authorized samples of "(Not Just) Knee Deep" pursuant to a license. Except as expressly admitted, Defendant Ferguson denies the allegations in this paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant Ferguson admits that certain remixes of "Shut Up" contain authorized samples of "(Not Just) Knee Deep" pursuant to a license. Defendant Ferguson further admits that sound recordings of the musical compositions "Shut Up" and "Shut Up Remix" have been exploited since their creation. Except as admitted herein, Defendant Ferguson denies the allegations in this paragraph.

31. Answering Paragraph 31 of the Complaint, Defendant Ferguson admits that, upon information and belief, a recording of "(Not Just)" Knee Deep" appears on Funkadelic's album "Uncle Jam Wants You," and on information and belief it has been sampled by many musical artists. Defendant Ferguson lacks sufficient information to admit or deny the remaining allegations of Paragraph 31, and on that basis, denies such remaining allegations.

32. Answering Paragraph 32 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations of Paragraph 32, and on that basis denies each and every such allegation.

33. Answering Paragraph 33 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations of Paragraph 33, and on that basis denies each and every such allegation.

34. Answering Paragraph 34 of the Complaint, Defendant Ferguson lacks

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  sufficient information to admit or deny the allegations of Paragraph 34, and on that
2  basis, denies each and every such allegation.
3       35.    Answering Paragraph 35 of the Complaint, Defendant Ferguson lacks
4  sufficient information to admit or deny the allegations of Paragraph 35, and on that
5  basis denies each and every such allegation.
6       36.    Answering Paragraph 36 of the Complaint, Defendant Ferguson lacks
7  sufficient information to admit or deny the allegations of Paragraph 36, and on that
8  basis denies each and every such allegation.
9       37.    Answering Paragraph 37 of the Complaint, Defendant Ferguson denies
10 the allegations in this paragraph.
11      38.    Answering Paragraph 38 of the Complaint, Defendant Ferguson denies
12 the allegations in this paragraph.

### **RELEASE OF SHUT UP REMIX**

14      39.    Answering Paragraph 39 of the Complaint, Defendant Ferguson admits
15 the allegations in this paragraph.
16      40.    Answering Paragraph 40 of the Complaint, Defendant Ferguson admits
17 the allegations in this paragraph.
18      41.    Answering Paragraph 41 of the Complaint, Defendant Ferguson lacks
19 information sufficient to form a belief as to what Plaintiff is informed or believes,
20 and on that basis denies the allegations in this paragraph.
21      42.    Answering Paragraph 42 of the Complaint, Defendant Ferguson, upon
22 information and belief, admits the allegations in this paragraph.
23      43.    Answering Paragraph 43 of the Complaint, Defendant Ferguson lacks
24 sufficient information to admit or deny the allegations set forth in this paragraph,
25 and on that basis denies the same.
26      44.    Answering Paragraph 44 of the Complaint, Defendant Ferguson admits
27 certain remixes have been exploited in singles.   Defendant Ferguson lacks
28 information as to which remixes Plaintiff is referring to, and on that basis denies the

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

remaining allegations of the paragraph

45. Answering Paragraph 45 of the Complaint, Defendant Ferguson admits that certain remixes contain authorized samples. Defendant Ferguson lacks information as to which remixes Plaintiff is referring to, and on that basis denies the remaining allegations of the paragraph.

46. Answering Paragraph 46 of the Complaint, Defendant Ferguson lacks information as to which remixes Plaintiff is referring to, and on that basis denies the remaining allegations of the paragraph.

47. Answering Paragraph 47 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations set forth in this paragraph, and on that basis denies the same.

48. Answering Paragraph 48 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

### **RELEASE OF "SHUT THE PHUNK UP REMIX"**

49. Answering Paragraph 49 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 49, and on that basis, denies each and every allegation.

50. Answering Paragraph 50 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 50 of the Complaint, and on that basis denies each and every such allegation.

51. Answering Paragraph 51 of the Complaint, Defendant Ferguson admits that The Black Eyed Peas album, "The E.N.D." was released in or about June of 2009, and that certain deluxe editions of the album contains a track entitled "Shut the Phunk Up." Defendant Ferguson denies the remaining allegations of this paragraph.

52. Answering Paragraph 52 of the Complaint, Defendant Ferguson admits that "The E.N.D." was nominated by the Grammy Awards for "Album of the Year" and won a Grammy Award for the "Best Pop Vocal Album" on or about January 31,

2010. Defendant Ferguson denies the remaining allegations in this paragraph.

53. Answering Paragraph 53 of the Complaint, Defendant Ferguson lacks sufficient to form a belief as to what Plaintiff is informed or believes, and on that basis denies the allegations in this paragraph.

54. Answering Paragraph 54 of the Complaint, Defendant Ferguson lacks sufficient to form a belief as to what Plaintiff is informed or believes, and on that basis denies the allegations in this paragraph.

55. Answering Paragraph 55 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 55, and on that basis denies each and every such allegation.

56. Answering Paragraph 56 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 56, and on that basis denies each and every such allegation.

57. Answering Paragraph 57 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 57, and on that basis denies each and every such allegation.

58. Answering Paragraph 58 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 58, and on that basis denies each and every such allegation.

59. Answering Paragraph 59 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 59, and on that basis denies each and every such allegation.

60. Answering Paragraph 60 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 60, and on that basis, denies each and every such allegation

61. Answering Paragraph 61 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 61, and on that basis denies each and every such allegation.

62. Answering Paragraph 62 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 62, and on that basis denies each and every such allegation.

## LEGAL REQUIREMENTS OF SAMPLING

63. Answering Paragraph 63 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

64. Answering Paragraph 64 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

## LIABILITY OF EACH DEFENDANT AND DAMAGES TO PLAINTIFF

65. Answering Paragraph 65 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

66. Answering Paragraph 66 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

67. Answering Paragraph 67 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 67, and on that basis denies each and every such allegation.

68. Answering Paragraph 68 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 68, and on that basis, denies each and every such allegation.

69. Answering Paragraph 69 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

70. Answering Paragraph 70 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

71. Answering Paragraph 71 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

72. Answering Paragraph 72 of the Complaint, Defendant Ferguson denies

the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

**(Copyright infringement (sound recording)**

**relating to "(Not Just) Knee Deep";**

**against all named defendants and DOES 1 through 10)**

73. Answering Paragraph 73 of the Complaint, Defendant Ferguson incorporates her answers and responses to Paragraphs 1-72 above, as if fully restated herein.

74. Answering Paragraph 74 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

75. Answering Paragraph 75 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

76. Answering Paragraph 76 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

77. Answering Paragraph 77 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

78. Answering Paragraph 78 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

79. Answering Paragraph 79 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

80. Answering Paragraph 80 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

81. Answering Paragraph 81 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

82. Answering Paragraph 82 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

83. Answering Paragraph 83 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment;**

**against all named defendants and DOES 1 through 10)**

84. Answering Paragraph 84 of the Complaint, Defendant Ferguson incorporates her answers and responses to Paragraphs 1-83 above, as if fully restated herein.

85. Answering Paragraph 85 of the Complaint, Defendant Ferguson lacks sufficient information to admit or deny the allegations contained in Paragraph 85, and on that basis denies each and every such allegation.

86. Answering Paragraph 86 of the Complaint, Defendant Ferguson admits that, upon information and belief, Plaintiff seeks declaratory relief, but denies that he is entitled to such relief.  As to the remaining allegations of Paragraph 86, Defendant denies each and every such allegation.

87. Answering Paragraph 87 of the Complaint, Defendant Ferguson admits that, upon information and belief, Plaintiff seeks declaratory relief, but denies that he is entitled to such relief.  As to the remaining allegations of Paragraph 87, Defendant denies each and every such allegation.

## THIRD CLAIM FOR RELIEF

**(Permanent injunction;**

**(against all named defendants and DOES 1 through 10)**

88. Answering Paragraph 88 of the Complaint, Defendant Ferguson incorporates her answers and responses to Paragraphs 1-87 above, as if fully restated herein.

89. Answering Paragraph 89 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

90. Answering Paragraph 90 of the Complaint, Defendant Ferguson denies the allegations in this paragraph.

91. Answering Paragraph 91 of the Complaint, Defendant Ferguson admits

that, upon information and belief, Plaintiff seeks an injunction, but denies that Plaintiff is entitled to an injunction of any sort, and further, notes that an injunction is a species of relief, not a discrete claim for relief.

92. Plaintiff's Complaint does not include a Paragraph 92, and therefore, no response is given for that numbered paragraph.

93. Plaintiff's Complaint does not include a Paragraph 93, and therefore, no response is given for that numbered paragraph.

## **NATURE OF LIABILITY**

94. Answering Paragraph 94 of the Complaint, Defendant Ferguson denies the allegations of this paragraph.

## **PRAYER FOR RELIEF**

Defendant Ferguson denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE
(Failure to State a Claim)

1. The Complaint and all claims for relief alleged therein fail to state a claim upon which relief can be granted.

### SECOND DEFENSE
(License)

2. Plaintiff's claims and the relief requested are barred based on the existence of a valid license that authorized each of the Defendants to engage in the allegedly infringing conduct.

### THIRD DEFENSE
(Statute of Limitations)

3. The Complaint is barred by the applicable statute of limitations.

### FOURTH DEFENSE
(Consent)

4. Plaintiffs claims and the relief requested because he consented to allegedly wrongful conduct stated in the Complaint.

## FIFTH DEFENSE
### (Waiver)

5. Plaintiff's claims and relief requested are barred by the equitable doctrine of waiver.

## SIXTH DEFENSE
### (Acquiescence)

6. Plaintiff's claims and relief requested are barred by the equitable doctrine of acquiescence.

## SEVENTH DEFENSE
### (Estoppel)

7. Plaintiff's claims and relief requested are barred by the equitable doctrine of estoppel.

## EIGHTH DEFENSE
### (Laches)

8. This Complaint is barred in whole or in part by the equitable doctrine of laches.

## NINTH DEFENSE
### (Unclean Hands)

9. Plaintiff's claims and requested relief are barred by the equitable doctrine of unclean hands.

## **RESERVATION OF RIGHTS**

Defendant Ferguson reserves the right, upon completion of her investigation and discovery, to advance such additional defenses and/or counterclaims as they may be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Ferguson prays for judgment against Plaintiff and awarding Defendant Ferguson her costs, interest, reasonable attorneys' fees, together with such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated: March 4, 2011

**BRYAN CAVE LLP**
Jonathan S. Pink
Kara E. F. Cenar
Mariangela M. Seale

By: */s/ Jonathan S. Pink*
       Jonathan S. Pink
Attorneys for Defendants
WILL ADAMS; ALLAN PINEDA; JAIME GOMEZ; STACY FERGUSON; WILL.I.AM MUSIC, INC.; CHERRY LANE MUSIC PUBLISHING COMPANY, INC.; TAB MAGNETIC, INC.; GEORGE PAJON, JR.; EMI BLACKWOOD MUSIC, INC.

**JURY TRIAL DEMAND**

Defendant Ferguson hereby demands a jury trial.

Respectfully submitted,

Dated: March 4, 2011

**BRYAN CAVE LLP**
Jonathan S. Pink
Kara E. F. Cenar
Mariangela M. Seale

By: */s/ Jonathan S. Pink*
     Jonathan S. Pink
Attorneys for Defendants
WILL ADAMS; ALLAN PINEDA; JAIME GOMEZ; STACY FERGUSON; WILL.I.AM MUSIC, INC.; CHERRY LANE MUSIC PUBLISHING COMPANY, INC.; TAB MAGNETIC, INC.; GEORGE PAJON, JR.; EMI BLACKWOOD MUSIC, INC.

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

IR01DOCS478832.1

ANSWER TO COMPLAINT