**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE CLINTON, an individual,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>WILL ADAMS, an individual, p.k.a. will.i.am, DBA Will I Am Music Publishing; et al.,<br><br>　　　　Defendants - Appellees.,<br><br>ALLAN LAW GROUP P.C.,<br><br>　　　　Appellee,<br><br>　v.<br><br>HENDRICKS & LEWIS PLLC,<br><br>　　　　Creditor - Appellant. | No. 12-56663<br><br>D.C. No. 2:10-cv-09476-ODW-PL<br><br>MEMORANDUM[*]<br><br> |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted February 4, 2014

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Seattle, Washington

Before: FISHER, GOULD, and CHRISTEN, Circuit Judges.

This appeal concerns the priority of various claimants to settlement funds resulting from the resolution of a copyright infringement action. The district court, without explanation, granted an order distributing funds to the Internal Revenue Service, Jeffrey Thennisch, Hendricks & Lewis, and the Allan Law Group. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review questions of California law regarding lien priority de novo. *See Paul Revere Ins. Grp. v. United States*, 500 F.3d 957, 960 n.5 (9th Cir. 2007).

Hendricks & Lewis argues that Clinton "failed to substantiate his claimed entitlement to any portion of the settlement funds directly or indirectly through his alleged federal tax liability." We agree.

> When a taxpayer fails to pay his federal taxes, after the IRS demands payment, the amount due becomes a 'lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.' 26 U.S.C. § 6321. The lien attaches immediately to the taxpayer's property, 26 U.S.C. § 6322, and *becomes effective against certain third parties after the IRS has filed notice*, 26 U.S.C. § 6323(f).

*Gorospe v. Comm'r of Internal Revenue*, 451 F.3d 966, 967 (9th Cir. 2006) (emphasis added). Section 6323(a) specifically provides: "[t]he lien imposed by section 6321 shall not be valid as against any . . . judgment lien creditor until

2

notice . . . which meets the requirements of [§ 6323(f)] has been filed by the Secretary."

Hendricks & Lewis is a judgment lien creditor. The record does not include evidence that notice of Clinton's federal tax debt was filed as required by § 6323(f); Clinton only filed a faxed letter he received from the Internal Revenue Service indicating that he owed a debt. As such, the district judge erred by prioritizing Clinton's tax debt ahead of Hendricks & Lewis's judgment lien. We reverse the portion of the district court's order allocating settlement funds to the Internal Revenue Service.

The parties dispute how the remaining settlement funds should be distributed. Thennisch argues that the debt owed to him takes priority over Hendricks & Lewis's lien because his work created the settlement proceeds. Hendricks & Lewis argues that Thennisch failed to prove the existence of an attorney lien in the first instance because he failed to file a copy of his fee agreement, and that in any case its first-in-time judgment lien takes priority over Thennisch's claimed attorney lien per California Civil Code § 2897. The Allan Law Group did not participate in this appeal, but it argued in the district court that it had both contractual and charging liens on the settlement funds. Hendricks &

Lewis argues that its judgment lien takes priority over the Allan Law Group's claimed liens.

We cannot reconcile the district court's allocation of settlement funds with the parties' priority claims. Because the district court did not explain its allocation, we remand to the district court for further findings as to each claimant's entitlement to a lien on the settlement funds, if any, and the relative priority of these liens. The panel retains jurisdiction over this appeal.

**REVERSED IN PART; REMANDED for further proceedings consistent with this disposition.**